IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT LEE GILL, JR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:15-CV-427 |
| | : | |
| SAM ZANDERS, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Petitioner was found guilty by a Houston County jury of felony murder, aggravated battery, and aggravated assault in connection with the beating, and death, of Terry Lynn Carson. *Gill v. State*, 296 Ga. 351, 352 (2014). The underlying facts of the case, as summarized by appellate counsel, are as follows:

> Appellant and the victim, Terry Lynn Carson, worked together for a contractor on Robins Air Force Base in Warner Robins, Georgia. Following weeks of verbal arguing while on the job the Appellant and victim met after work on the 18th of June 2012 to settle their dispute at a local parking lot off base. The ensuing altercation occurred at approximately 5:30 pm and was witnessed by a number of individuals that worked with both men. The events at the scene ended when the victim was struck in the head by the Appellant using a board. The blunt force trauma caused by this blow was the cause of the victim's eventual death. Upon receiving the injury the victim was immediately driven by several witnesses to the local hospital - Houston Medical in Warner Robins. Later the same evening, the victim was transported from Houston Medical to the Medical Center of Central Georgia in Macon. The victim remained at the Medical Center and passed away on June 20th.

Doc. 8-1, pp. 4-5. Petitioner was sentenced to life imprisonment. *Id.*

Petitioner's appointed counsel appealed his conviction to the Supreme Court of Georgia. See Doc. 8-1. Counsel enumerated three errors committed by the trial court:

1. The evidence against Petitioner was insufficient for a rational trier of fact to find guilt beyond a reasonable doubt.
2. The trial court erred when it excluded at trial toxicology reports of the victim
3. The trial court erred in denying the Appellant's Motion for New Trial by affirming its previous ruling excluding at trial toxicology reports of the victim.

Doc. 8-1, p. 12.

On November 17, 2014, the Georgia Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. His motion for reconsideration was denied on December 11, 2014. The Supreme Court held that evidence presented at trial "was sufficient to enable a rational trier of fact to reject [Petitioner]'s claim of self-defense and find him guilty of the crime of which he was convicted beyond a reasonable doubt." *Gill*, 296 Ga. at 352. Similarly, the Court rejected Petitioner's second enumeration of error when it held that that evidence from the victim's toxicology reports were properly excluded as inadmissible "when it is intended only to impugn a victim's character and has no relevance to any disputed issues in the case." *Id.* (quoting *Crowe v. State*, 277 Ga. 513, 514 (2004)). In light of these two determinations, Petitioner's remaining challenge "lacked merit."

Petitioner did not file a state habeas action. Instead, on November 5, 2015, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner raises four grounds for relief in his Section 2254 petition:

1. He was denied his right to a fair trial in that the trial court improperly excluded relevant evidence, the trial judge was biased and "uncertain" with issues regarding the law;
2. He was not tried by a jury of his peers;
3. He suffered ineffective assistance of counsel during his trial; and
4. He was improperly sentenced under Georgia's Recidivist Act;

Doc. 1, pp. 5-18. All of Petitioner's grounds are unexhausted and Petitioner's petition must be dismissed.

## EXHAUSTION

Federal courts may not consider a petition for writ of habeas corpus filed on behalf of a person in state custody unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also *Rose v. Lundy*, 455 U.S. 509 (1982). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. C*astille v. Peoples*. 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state habeas corpus petitioner who fails to exhaust his federal claims properly in state court is "procedurally barred from pursuing the same claim in federal court ...." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999).

"To satisfy the exhaustion requirement, petitioners [must] present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Hunt v. Comm'r, Ala. Dep't of Corr.*, 666 F.3d 708, 730 (11th Cir. 2012) (internal quotations omitted). "[A] petitioner cannot 'scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick.'" *French v. Warden, Wilcox State Prison*, 790 F.3d 1259, 1271 (11th Cir. 2015) (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004)). "The petitioner must present his claims to the state courts such that they are permitted the opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Id*. at 1344 (internal quotations omitted).

Ground One is Unexhausted:

Petitioner's first ground is unexhausted because it was not presented "to the state courts such that they were permitted the opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *French*, 790 F.3d at 1259. In his first ground, Petitioner challenges the fairness of his trial due to the conduct of the judge. He lists specific instances of misconduct:

1. The trial judge improperly excluded the toxicology report of the victim
2. The trial judge was biased
3. The trial judge improperly charged the jury
4. The judge allowed a juror to sit through the trial sleeping and did not dismiss the juror

Doc. 1, pp. 5-9. Petitioner's counsel did not raise judicial bias on appeal, and thus this ground is exhausted.

On appeal, counsel challenged the sufficiency of the evidence on which Petitioner was convicted. Specifically, appellate counsel made the argument that "no rational trier of fact could conclude beyond a reasonable doubt the Appellant was not acting in self-defense." Doc. 8-1, p. 18. While appellate counsel also challenged the exclusion of the victim's toxicology reports, Doc. 8-1, pp. 18-20, at no point did appellate counsel challenge the exclusion of the evidence as a product of judicial bias, but instead challenged the sufficiency of the evidence upon which Petitioner was convicted from the standard of a reasonable person. The two claims are distinct and use two different standards. Compare *Bracy v. Gramley*, 520 U.S. 899 (1997) (a Court should look to whether the Defendant received a "fair trial before a judge without actual bias against the defendant or an interest in the outcome of his particular case") with *Jackson v. Virginia*, 443 U.S. 307 (1979) (holding that the critical inquiry in determining if a conviction is supported by sufficient evidence is whether, after viewing evidence in light most favorable to

prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt). Thus, Petitioner's first ground is unexhausted.

Grounds Two and Four are Unexhausted:

Petitioner's second ground, challenging the make-up of his jury, is similarly unexhausted, as Petitioner's counsel did not raise the issue on appeal, and the issue was not presented to the state courts. Petitioner's fourth ground is also unexhausted because appellate counsel did not challenge Petitioner's sentence under Georgia's Recidivist Statute on appeal.

Ground Three is Unexhausted:

The doctrine of exhaustion also applies to Petitioner's claims of ineffective assistance of counsel as well, and warrants specific mention. "[T]he exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim." *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986); *Mize v. Hall*, 532 F.3d 1184, 1191 n. 5 (11th Cir. 2008). Here, the state habeas courts are available to hear Petitioner's ineffective assistance of appellate counsel claims. See, e.g., *Tompkins v. Hall*, 728 S.E.2d 621, 623 (Ga. 2012) (discussing ineffective assistance of appellate counsel claims in context of state habeas petition); *Brown v. Baskin*, 690 S.E.2d 822, 823–25 (Ga. 2010) (affirming state habeas corpus relief based on claim of ineffective assistance of appellate counsel). Nothing in the record suggests Petitioner would be prevented from pursuing relief on his claims in the state habeas proceedings,[1] and Petitioner should pursue those available remedies before filing a federal habeas petition. Further, any attempt to circumvent the state habeas process and appeal directly to the federal courts is specifically proscribed by the Eleventh Circuit.

---

[1] O.C.G.A. § 9-14-42 provides that a state habeas action challenging a felony, other than a conviction for which a death sentence has been imposed, may be filed within four years from the date of final judgment of conviction.

**CONCLUSION**

Because all of Petitioner's grounds are unexhausted, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 7) be **GRANTED**, and Petitioner's Section 2254 petition be **DISMISSED.** Additionally, pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 22nd day of July, 2016.

                                                   s/ Charles H. Weigle
                                                   Charles H. Weigle
                                                   United States Magistrate Judge